FARMERS STATE BANK OF BUTTZVILLE, Respondent, v. GLADYS BARTLEY, et al., Appellants.

(206 N. W. 414.)

**Homestead — order setting apart, without finding as to divisibility, held not void.**

Construing §§ 8724 and 8726, Comp. Laws, 1913, it is held that an order of the county court setting apart to the surviving widow property claimed as a homestead, is not void for want of jurisdiction to make it, notwithstanding the appraisers filed an appraisement and report in which the property claimed as a homestead was valued at $6,400, and did not find or state that the homestead could not be divided without material injury, where the order or judgment of the county court from which the appeal to the district court is taken was made after the filing of the report of the appraisers and two formal hearings upon the inventory and the homestead exemptions, at one of which the plaintiff had an opportunity to and did, in fact, present evidence.

Opinion filed November 13, 1925.

Homesteads, 29 C. J. § 542 p. 1036 n. 94.

Appeal from the District Court of Ransom County, *Wolfe,* Judge. Reversed.

*Chas. S. Ego,* for appellants.

*Kvello & Adams,* for respondent.

JOHNSON, J. In January, 1923, one Thurlow S. Bartley died intestate. Letters of administration were issued to the widow, Gladys Bartley. An inventory was duly made showing that the decedent had owned both real and personal property within the jurisdiction of the county court of Ransom county. The appraisers valued the real estate at $6,400 and in the report alleged that it was all claimed "as a homestead for the widow and minor children of the deceased." Later, on August 17, 1923, pursuant to an order dated July 11, 1923, the county court, by order, set apart to the widow, as absolutely exempt, all. the personal property. This order contains the following:

"Further ordered, adjudged and determined that the real estate described in said inventory is of the value of $6,400 as fixed by the appraisers and the same constituted the homestead of the said Thurlow S. Bartley during his lifetime for himself and family; that the said homestead cannot be divided; that the same should be set aside in its entirety to the widow of the said Thurlow S. Bartley, deceased, to-wit: Gladys Bartley, to be occupied and maintained by her as provided by law and it is hereby so ordered, adjudged and determined."

The appraisers filed no report, statement, or findings to the effect that the homestead could not be divided, nor did they, finds the trial judge, make any statement to the county court as to the "physical characteristics of the land, the location of the buildings, the value of the same, the character of the soil, or the topography of the land." On the same day that this order was made, the county court made another order for publication of notice to creditors.

On November 7, 1923, the plaintiff's claim against the estate was filed and approved in the sum of $1,095.84. On February 29, 1924, plaintiff initiated proceedings for the purpose of vacating the order of August 17, 1923, which had approved the inventory and appraisement and set the homestead apart to the widow. The prayer for relief in this proceeding is thus summarized by counsel for the respondent:

"Why the order setting aside the homestead should not be set aside

because illegally made; why the appraisement should not be set aside as grossly and unfairly made and a new appraisement ordered; and why a new order should not be made setting aside to the widow and children their legal probate homestead and subject it to exact measurement or diversion, and if this were not practicable, ordering a sale as provided by the probate practice; and for such other relief as the facts might warrant." After formal hearing, the county court refused to set aside or modify the exemption order, and on August 25, 1924, a judgment was entered, denying the prayer of the petition and, in effect, confirming the report and findings of the appraisers, both as to the appraisal of all the property, and as to the homestead exemptions. From that judgment the petitioner appealed to the district court. In the latter court, an order and judgment were entered that the order setting aside the homestead, in the manner and form hereinbefore set forth, is "illegal and void and the county court is directed to vacate and set the same aside." The administratrix appeals.

There is no controversy on the facts. The only question is whether, the order of the county court, setting aside the homestead, was a valid order in the circumstances disclosed in the record. The homestead exceeded in value $5,000; petitioner therefore, claims it should have been partitioned, or, if that was impracticable, that the excess should have been ordered sold as provided by law. The petitioner contends that the manner of setting apart the homestead was wholly void because in contravention of express statutory provisions, particularly with respect to the duties of the appraisers in that regard. Specifically, respondent contends that compliance with the statute (§ 8724, infra) prescribing the procedure to be followed by the appraisers in setting apart the homestead, is a jurisdictional prerequisite "to a valid order by the county court setting aside the homestead."

Section 5605, Comp. Laws 1913, provides that the homestead of every head of a family residing in this state, not exceeding in value $5,000, shall be exempt from lien and from execution or forced sale, except as otherwise provided. Section 5627, Comp. Laws 1913, provides that the homestead, as defined in the code, shall descend and be distributed to the surviving husband or wife, or, in certain contingencies, to other persons. Section 8723, Comp. Laws 1913, relating to the homestead estate (§ 5628), as distinguished from the land in

which that estate is granted (§ 5605), provides that on the death of the husband, the wife may continue to possess the whole homestead as long as she does not remarry; that the homestead must be ascertained and set apart in the manner prescribed by §§ 8724 to 8729, inclusive; and that when it is so set apart, the homestead shall not be subject to the payment of any debts existing against the husband at the time of his death.

Section 8724, Comp. Laws 1913, expressly prescribes the duties of the appraisers with respect to the homestead exemption. It reads:

"The appraisers must procure from such person or persons a description of the property claimed as a homestead and appraise the same at its value at the time of the death of the testator or intestate and shall if necessary cause the boundaries thereof to be ascertained and marked in their presence by a competent surveyor. If they find that it has been selected in such form as will materially diminish the value of any remaining part of the property, they may modify its boundaries so as to avoid such injury if it can be done without material injury to the homestead property. *If they find that the property selected as a homestead exceeds in value the sum of five thousand dollars, they shall in like manner set off the homestead in such form as to exclude the excess unless they further find that the property cannot be divided without material injury.* They shall make a full report of all their proceedings and findings in relation to the homestead and annex the same to the inventory."

In many respects, particularly the emphasized portion, this statute was not complied with by the appraisers. The provisions of § 8724, to which we have expressly drawn attention, supra, are mandatory in form and it was undoubtedly the legislative purpose that appraisers comply therewith. There is no finding by the appraisers that the property cannot be divided; there is no suggestion by them that the homestead may or may not be set apart in such a way as to exclude the excess over the statutory maximum of value.

It appears from the order of the county court, dated August 17, 1923, setting apart the homestead, that the appraisers were not present or sworn, but that there were other persons present at the hearing; whether the court based its final order and conclusion that the "home-

stead cannot be divided" upon the report of the appraisers alone, or upon other or additional "proofs," the record does not disclose.

The legislature in enacting the homestead laws intended, of course, to provide for the surviving spouse and children of the decedent; it put a maximum value upon the homestead; the intention is clearly expressed that the excess over this maximum should be subject to the payment of the debts of the decedent in like manner as other property of which he might be owner at the time of his death, but not until after such other property had been exhausted. In some respects the statutes were ignored by the appraisers and the objection to the appraisal and the proceedings to set apart the homestead, made originally in the county court, should have been sustained on this point by the probate court and the appraisers directed to comply with the statutes governing the procedure in setting apart the homestead.

We do not think, however, that the failure on the part of the appraisers to make complete findings, as directed by the statutes, was, in the instant case, a jurisdictional prerequisite to the validity of the final order thereafter made by the county court, setting apart the homestead. The effect of the judgment entered on August 25, 1924, is to confirm, in all things, the prior order of the county court touching the appraisal and the homestead exemptions. This judgment was entered after hearing during the course of which the testimony of witnesses was evidently taken. That testimony is not here. It satisfied the county court that the appraisal was fairly and honestly made and that the homestead could not be divided. On these points the district court makes no findings. In other words, the county court, on two different and separate occasions, after two separate and distinct hearings on the subject, exercised a discretion expressly given by § 8726, Comp. Laws 1913, infra, and confirmed the inventory. In addition, that court found that the land, subject to the homestead estate, could not be divided and that the value of such land was $6,400. Section 8726 reads:

"Upon the return of the inventory and appraisement the court must fix a day for hearing objections thereto concerning the homestead and other exempt property and the executor or administrator must cause notice thereof to be given to all parties interested. At the hearing the court may confirm the proceedings as to the inventory and appraise-

ment or modify the same or set them aside and order a new appraisement as justice requires. If the court finds that the homestead exceeds in value the sum of five thousand dollars and further finds that the property cannot be divided without material injury, the order setting it apart must determine the amount of such excess and the property may thereafter be subjected to the payment of debts in the same manner as other property to the extent of the excess so determined after all the other available property has been exhausted." The appraisers found the value of the property in which the homestead estate was claimed; but they stopped at that point. They made no finding on the question of the divisibility of the homestead, nor did they set it apart in such a manner as to exclude the excess over $5,000. The county court, in the exercise of the power clearly given it by this section heard objections to the return of the appraisers, and, after full hearing, modified the same by making findings upon a point which the appraisers had ignored—whether the homestead property could be divided. We are of the opinion that the report of the appraisers, under the facts before us, must be held sufficient, though confessedly incomplete, to give the county court jurisdiction to make complete findings, and to enter an order accordingly, touching the homestead exemptions.

It is true, the county court did not expressly find the value of the excess to be $1,400, but it did find the value of the property, in which the homestead estate was claimed to be $6,400, and we think that it would be captious on our part to hold that because the court failed to subtract the statutory maximum of value, $5,000, from the actual value, $6,400, therefore, the order is illegal and void.

It is urged that the respondent should have proceeded in conformity with §§ 5611–5617, Comp. Laws 1913. Clearly, the procedure outlined in these statutes has no application. It is only "when an execution for the enforcement of a judgment" has been obtained that the "judgment creditor may apply to the district court in the county in which such homestead is situated for the appointment of persons to appraise the value thereof." Section 5611, Comp. Laws 1913, as amended by chapter 229, Sess. Laws 1923. No judgment has been obtained; the respondent's claim has been in all things approved and allowed. The respondent applied to the county court to have the home-

stead set apart in conformity with the law governing the subject of homestead exemptions. Although the appraisers did not proceed as required by statute, we think the county court did so proceed and that its findings and conclusions were not without, or in excess of, its jurisdiction.

Our conclusion in this case in no manner limits the rights of the plaintiff to enforce payment of its claim. It is simply remitted to its remedy under the statutes to invoke, if necessary, the powers of the county court to direct or authorize a sale of the excess, "after all, the other available property has been exhausted." As we view the record, the county court, acting within its jurisdiction, determined, after full hearing on the subject, that the homestead property cannot be divided and that the excess value above the maximum of $5,000 is $1,400. The result is that this excess becomes available to this plaintiff as a creditor under the conditions prescribed in the governing statutes.

The judgment of the trial court is reversed.

CHRISTIANSON, Ch. J., and BURKE, BIRDZELL, and NUESSLE, JJ., concur.